UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:25-cv-10621-GAO |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BOUNDLESS ENERGY INC., | ) | |
| Defendant. | ) ) | |

## DEFENDANT BOUNDLESS ENERGY, INC.'S ANSWER TO COMPLAINT

Defendant Boundless Energy, Inc. ("Defendant" or "Boundless") hereby answers the

Class Action Complaint for Damages, Statutory Damages, and Request for Injunctive Relief

filed by Plaintiff Robert Clough, II ("Plaintiff" or "Mr. Clough").

### Preliminary Statement

1.      Paragraph 1 contains a quoted excerpt from a Supreme Court decision, to which

no response is required.  To the extent a response is required, Boundless denies the allegations in

Paragraph 1.

2.      Paragraph 2 contains a legal conclusion regarding the scope of the TCPA, to

which no response is required.  To the extent a response is required, Boundless denies the

allegations in Paragraph 2.

3.      Paragraph 3 contains a narrative about telemarketing calls and the genesis of the

TCPA, to which no response is required.  To the extent a response is required, Boundless denies

the allegations in Paragraph 3.

4.      Paragraph 4 contains quoted excerpts of federal regulations and a decision from the Fourth Circuit Court of Appeals, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 4.

5.      Paragraph 5 describes Plaintiff's motivations for bringing this action, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 5.

6.      Paragraph 6 contains a vague, conclusory allegation regarding telemarketing practices and a statement that Plaintiff purports to represent a class of similarly situated individuals, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 6.

7.      Paragraph 7 contains a legal conclusion regarding Fed. R. Civ. P. 23 and describes Plaintiff's intention to represent a class of similarly situated individuals, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 7.

## Parties

8.      Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 8.

9.      Admitted.

## Jurisdiction & Venue

10.     Paragraph 10 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 10.

11.     Paragraph 11 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 11.

12.     Paragraph 12 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 12.

## TCPA Background

The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

13.     Paragraph 13 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 13.

14.     Paragraph 14 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 14.

15.     Paragraph 15 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 15.

16.     Paragraph 16 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 16.

The TCPA Prohibits Prerecorded Calls to Cell Phones

17.     Paragraph 17 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 18.

19.     Paragraph 19 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 19.

20.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 20.

**Factual Allegations**

21.     Admitted that Boundless' business includes providing solar panel installation services.

22.     Denied.

Calls to the Plaintiff Clough

23.     Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 23.

24.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 24.

25.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 25.

26.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 26.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 30.

31.     Denied.

32.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 32.

33.     Denied.

34.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 34.

## Class Action Allegations

35.     Boundless repeats and reasserts the answers contained in the foregoing paragraphs as if completely set forth herein.

36.     Paragraph 36 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 36.

37.     Paragraph 37 contains a description of Plaintiff's proposed Class definitions, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 37.

38.     Paragraph 38 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 38.

39.     Paragraph 39 contains a description of Plaintiff's proposed Class, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 39.

40.     Denied.

41.     Paragraph 41 described the relief Plaintiff has requested in the Complaint, to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 41.

42.     Denied.

43.     Boundless lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's beliefs in Paragraph 43.  Boundless denies the existence of any Class.

44.     Boundless lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's beliefs in Paragraph 44.  Boundless denies the existence of any Class.

45.     Denied.

46.     Paragraph 46 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 46.

47.     Paragraph 47, along with subsections (a)-(d), contain legal conclusions to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 47 and subsections (a)-(d).

48.     Paragraph 48 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 48.

49.     Paragraph 49 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 49.

50.     Paragraph 50 contains a legal conclusion to which no response is required.  To the extent a response is required, Boundless denies the allegations in Paragraph 50.

51.     Boundless lacks sufficient knowledge to either admit or deny the allegations in Paragraph 52.

**FIRST CAUSE OF ACTION**

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b) on behalf of Plaintiff and the Robocall Class)**

52.     Boundless repeats and reasserts the answers contained in the foregoing paragraphs as if completely set forth herein.

53.     Denied.

54.     Denied.

55.     Paragraph 55 contains a legal conclusion to which no response is required.  To the

extent a response is required, Boundless denies the allegations in Paragraph 55.

56.     Denied.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do
Not Call Registry Class)**

57.     Boundless repeats and reasserts the answers contained in the foregoing paragraphs

as if completely set forth herein.

58.     Denied.

59.     Denied.

60.     Paragraph 60 contains a legal conclusion to which no response is required.  To the

extent a response is required, Boundless denies the allegations in Paragraph 60.

61.     Denied.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Boundless upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his prior, written, express consent.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Boundless are barred by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Even if Plaintiff's allegations are true, which Boundless denies, Plaintiff's claims are

barred due to lack of damages.

FIFTH AFFIRMATIVE DEFENSE

At all times, Boundless acted in good faith and in reasonable belief that its actions were in compliance with its legal and contractual obligations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was damaged as alleged, which Boundless denies, said damages were caused by a third party for whose actions Boundless is not liable.

RESERVATION

Boundless reserves the right to assert other applicable affirmative defenses as may become available or apparent during discovery proceedings. Boundless further reserves the right to amend its Answer and/or affirmative defenses accordingly and/or delete affirmative defenses that it determines are not applicable.

**WHEREFORE**, Defendant Boundless Energy, Inc. respectfully requests that this Court:

1. Enter judgment in Boundless' favor on all claims made in the Complaint;

2. Award Boundless the costs, expenses, and attorneys' fees that it has incurred, and which it will incur, in connection with this action; and

3. Grant such further relief in Boundless' favor as the Court deems appropriate and just.

Respectfully Submitted,

BOUNDLESS ENERGY, INC.

By Their Attorneys,

Robert S. Adler (BBO #544145)
James A. Vevone (BBO #658267)
Andrew C. Bartholomew (BBO# 696573)
SEDER & CHANDLER, LLP
339 Main Street, Suite 300
Worcester, MA 01608
Tel: (508) 757-7721
Fax: (508) 831-0955
radler@sederlaw.com
jvevone@sederlaw.com
abartholomew@sederlaw.com

Dated: May 15, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, I electronically filed the foregoing by using the

ECF system.  All participants in the case who are registered ECF users will be served by the ECF

system.


/s/ James A. Vevone
James A. Vevone, Esq.
SEDER & CHANDLER, LLP
339 Main Street, Suite 300
Worcester, MA 01608
Tel:    (508) 757-7721
Fax:    (508) 831-0955
jvevone@sederlaw.com