UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br>v.<br><br>BOUNDLESS ENERGY, INC.<br><br>    Defendant. | Case No.: 1:25-cv-10621-GAO |

## JOINT STATEMENT

Plaintiff Robert Clough, II ("Plaintiff"), and Defendant, Boundless Energy, Inc. ("Defendant" or "Boundless Energy") (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

  **I.**    **FED. R. CIV. P. 26(F) REPORT**

**A.**  **Nature and Basis of Claims**

  1.  <u>Plaintiff' Statement</u>

Plaintiff brought this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The Plaintiff alleges that Boundless Energy violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent. The putative classes are defined as follows:

  **Robocall Class**: Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Boundless Energy, or a third party

on their behalf, placed a call using artificial or pre-recorded voices (3) within the four years prior to the filing of the Complaint.

**National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

2. Defendant's Statement

There are currently no counter claims in this case.

Plaintiff has alleged violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5) ("TCPA") to which Defendant denies liability. Plaintiff's proposed classes—the TCPA Robocall Class and the National Do Not Call Registry Class—are both overly broad, unmanageable, and legally flawed, making them uncertifiable. These classes include individuals who consented to being contacted, which eliminates liability under the TCPA, and attempt to hold Defendant liable for third-party actions without the necessary agency relationship for vicarious liability. Additionally, the National relationships and those who did not personally register on the national Do-Not-Call Registry.

The TCPA Robocall Class also improperly seeks to extend the class period beyond the statute of limitations. Furthermore, both class definitions are vague, with unclear criteria about the specific pre-recorded messages or calling campaigns involved, making it difficult to determine the scope of each class. These issues prevent the classes from meeting Rule 23's commonality requirements.

**B.    Possibilities of Settling or Resolving The Case**

Pursuant to Local Rule 16(c) Plaintiff will make a written settlement proposal to Defendant no later than 14 days before the scheduling conference. The Plaintiff is currently only interested in resolution on classwide basis, consistent with their pleadings.

**Defendant:**

Defense counsel has conferred with his client on the subject of settlement and is prepared to respond to the proposals at the scheduling conference

### C.   Proposed Discovery Plan

1.   <u>Proposed Discovery Plans</u>

*Plaintiff' Proposed Discovery Plan*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as consent; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter; (9) if Defendant asserts counterclaims, information relating to those counterclaims.

*Defendant's Proposed Discovery Plan*

Defendants anticipate conducting discovery into all of Plaintiff's allegations and class certification. Defendants intend to take depositions of any witnesses Plaintiff identifies. Defendants will also seek production of documents related to:

1. Plaintiff's prior express consent;
2. Any business relationship Plaintiff has with Defendant;
3. Whether Plaintiff requested to be placed on any Do-Not-Call list;
4. Whether Plaintiff placed his own number on the National Do-Not-Call list;
5. What damages Plaintiff alleges to have suffered;

  6. Whether Plaintiff facilitated and/or arranged the alleged violations of state and national law;

  7. Whether the TWO proposed classes can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

  2. <u>Electronically Stored Information</u>

The Parties expect that some discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff have requested that production of electronic documents be made in a searchable format and that the production of any records of telemarketing calls be produced in their native format. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

  3. <u>Privilege and Preservation</u>

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

  4. <u>Limitations on Discovery</u>

The Parties do not anticipate any changes to the limitations set forth in the Rules.

  5. <u>Additional Orders</u>

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d).

  D. **Certifications**

Through their signatures below, counsel and an authorized representative of each party affirm that each party and that party's counsel have conferred: with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation; and have

considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4. The parties are desirous of proceeding before a private mediator at the appropriate time.

### E.  Consent to Magistrate

The parties do not consent to proceeding before a magistrate judge.

## II.  PROPOSED PRETRIAL SCHEDULE

The parties disagree on the proposed pre-trial schedule.

Defendant proposes bifurcating discovery into two phases to promote efficiency and proportionality. Phase I will be limited to discovery necessary to resolve the class certification issues. If the threshold issue is resolved in a manner that does not dispose of the case in whole or in part, Phase II will proceed with discovery on the remaining merits issues. This phased approach will avoid unnecessary expense and burden and ensure that the scope of discovery remains appropriately tailored to the needs of the case.

The Plaintiff opposes bifurcated discovery because "bifurcation is ordinarily the exception and not the rule." *Simmons v. Author Reputation Press LLC*, 2025 U.S. Dist. LEXIS 50055 *2 (D. MA March 18, 2025) (Murphy, J.) (Denying request for bifurcation in TCPA case). There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification.  Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . .  because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). It's for these same reasons that Judge Joun rejected a similar bifurcation request in *Beardsley v. Resort Sales by Spinnaker, Inc. et al*, Civil Action No. 23-cv-10793, ECF No. 28 (October 5, 2023). Indeed, Judge Casper rejected a request for bifurcation in a TCPA case in October 2024 in *Menin v. Star Markets Company, Inc.*, Civil Action No. 23-cv-11918-DJC, ECF No. 58 (October 22, 2024).

The respective proposed schedules are below:

**Plaintiff Proposed Schedule:**

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | July 16, 2025 |
| Deadline to Amend Pleadings | September 18, 2025 |
| Plaintiff's Expert Reports | November 27, 2025 |
| Defendant's Expert Reports | December 29, 2025 |
| Any Reply Reports | January 16, 2026 |

| ADR Deadline | January 23, 2026 |
|---|---|
| Discovery Deadline | January 30, 2026 |
| Class Certification Motion Deadline | By January 30, 2026 |
| Defendant's Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff's Reply to Class Certification Motion | 14 days after the opposition is filed. |
| Summary Judgment Deadline | 45 days after a ruling on Plaintiff' class certification motion |
| Pretrial Conference | TBD |
| Trial | TBD |

**Defendant's Proposal**

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | July 16, 2025 |
| Deadline to Amend Pleadings | September 18, 2025 |
| Requests for Production and Interrogatories Regarding Class Certification Served By | November 5, 2025 |
| Requests for Admissions Regarding Class Certification Served By | November 5, 2025 |
| Depositions Regarding Class Certification Completed By | December 5, 2025 |
| Discovery Regarding Class Certification Deadline | December 9, 2025 |
| Requests for Production and Interrogatories Regarding Merits Served By | August 5, 2026 |
| Requests for Admissions Regarding Merits Served By | August 5, 2026 |
| Depositions Regarding Merits Completed By | September 5, 2026 |
| Discovery Regarding Merits Deadline | September 9, 2026 |

| Plaintiff's Expert Reports | May 5, 2026 |
|---|---|
| Defendant's Expert Reports | June 5, 2026 |
| Any Reply Reports | July 5, 2026 |
| Class Certification Motion Deadline | By March 23, 2026 |
| Defendant's Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | October 9, 2026 |
| Summary Judgment Deadline | September 23, 2026 |
| Pretrial Conference | TBD |
| Trial | TBD |

Dated: July 11, 2025

        Attorneys for Plaintiff,
        By Counsel

        */s/ Anthony I. Paronich*
        Anthony I. Paronich
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (508) 221-1510
        anthony@paronichlaw.com

        Counsel for Defendant(s)

        */s/ Michael A. Harvey*
        Michael A. Harvey
        (Admitted Pro Hac)
        State Bar No. 24058352
        MUNSCH HARDT KOPF & HARR, P.C.
        700 Milam Street, Suite 800
        Houston, Texas 77002
        Phone: (713) 222-4015
        Fax: (713) 222-5868
        mharvey@munsch.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Anthony I. Paronich*
        Anthony I. Paronich