**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BOUNDLESS ENERGY, INC. <br><br> Defendant. | Case No.: 1:25-cv-10621-GAO |

**PLAINTIFF OPPOSITION TO**
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Robert Clough, II ("Mr. Clough"), respectfully opposes the Motion to Withdraw as Counsel filed by Munsch Hardt Kopf & Harr, P.C. ("Defense Counsel") for Defendant Boundless Energy, Inc. ("Boundless Energy").

Defense Counsel seeks to withdraw from this action based solely on vague and conclusory "professional considerations," without providing any factual explanation or meaningful basis for its request. The motion fails to establish good cause and does not provide the Court with sufficient information to evaluate whether withdrawal is appropriate.

The timing of the motion further renders it particularly problematic. A status conference is scheduled for April 28, 2026, and the discovery deadline is May 11, 2026, leaving only a short period to complete discovery and prepare the case for the next stage of litigation. Permitting withdrawal at this juncture would disrupt the case schedule, delay discovery, and prejudice Plaintiff.

In addition, Defendant Boundless Energy, Inc., as a corporate entity, cannot appear *pro se* and must be represented by counsel. Defense Counsel acknowledges that it has been unable to

communicate effectively with its client and does not know whether Defendant consents to the withdrawal. Under these circumstances, the Court should not permit counsel to withdraw without first requiring the Defendant itself, through an appropriate representative, to appear before the Court and explain its position and intentions regarding this litigation.

The surrounding record also demonstrates that Defense Counsel has been actively engaged in discovery, including efforts to coordinate depositions, and now seeks to withdraw without resolving those obligations. Allowing withdrawal under these circumstances would reward delay and undermine the orderly administration of this case.

For all of these reasons, the motion should be denied.

### Legal Argument

Local Rule 83.5.2(c)(2) provides that an attorney may withdraw only upon leave of court and for good cause shown. The decision whether to permit withdrawal lies within the sound discretion of the Court and requires consideration of the reasons for withdrawal, the prejudice to other parties, and the impact on the administration of justice. A motion to withdraw must provide sufficient factual detail to allow the Court to evaluate whether good cause exists. Conclusory assertions are insufficient to satisfy this standard.

Defense Counsel's motion contains no meaningful explanation for its request to withdraw. Instead, it relies on a single conclusory statement that "professional considerations necessitate counsel's withdrawal." This statement provides no factual basis for the request and does not allow the Court to assess whether good cause exists. Without any explanation of the circumstances underlying the request, the Court cannot determine whether withdrawal is justified or appropriate. Accordingly, the motion should be denied on this basis alone.

2

The timing of the motion would cause significant prejudice to Plaintiff. Discovery is scheduled to close on May 11, 2026, and a status conference is set for April 28, 2026. These deadlines are imminent.

The parties have been actively engaged in discovery, including efforts to schedule depositions and complete document production. Allowing Defense Counsel to withdraw at this stage would disrupt those efforts and make it difficult, if not impossible, to complete discovery within the existing schedule.

Such disruption would impose unnecessary delay and expense on Plaintiff and would undermine the efficient resolution of this matter. The resulting prejudice weighs strongly against permitting withdrawal.

Courts confronted with motions to withdraw involving corporate parties routinely require safeguards to prevent disruption of the proceedings and to ensure that the entity remains properly represented. In *GoGoCast, Inc. v. LG Elecs. U.S.A., Inc.* (D. RI. 2014) the Court did not permit counsel to withdraw outright, but instead conditioned withdrawal on strict compliance with notice requirements and the opportunity for the client to object or secure replacement counsel. This approach reflects the well-established principle that withdrawal should not be permitted in a manner that leaves a corporate litigant unrepresented or undermines the Court's ability to manage the case.

The same concerns are present here, but with even less justification for withdrawal. Unlike in *GoGoCast*, where the court was presented with specific facts regarding nonpayment and a breakdown in the attorney-client relationship, Defense Counsel here provides no factual basis at all for its request. Moreover, there is no indication that substitute counsel has been retained or will appear, despite imminent deadlines and ongoing discovery obligations. Consistent with

*GoGoCast*, this Court should deny the motion or, at minimum, condition any withdrawal on the appearance of substitute counsel and require Defendant to take affirmative steps—through a representative appearance before the Court—to ensure that this litigation proceeds without delay or prejudice.

However, to be clear, Mr. Clough does not oppose the Motion if Boundless Energy intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. Here, even assuming Boundless Energy counsel can show good cause, withdrawal should be denied or strictly conditioned because it will materially prejudice that has occurred due to Boundless Energy agreeing to a deposition date, abandoning that date in order to schedule a new date (then not doing so), and the fact that they have not indicated that they intend to retain new counsel. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.* Here, the outstanding discovery is directly a result of Boundless Energy's rescheduling request and the Plaintiff should not be prejudiced just because Boundless Energy has apparently not responded to Defense counsel.

If Boundless Energy does not intend to engage new counsel and defend the case, Boundless Energy would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").

Since this Court bifurcated discovery, a default judgment, and lack of participation in this

4

matter, may afford Boundless Energy a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). If current counsel withdraws and is not replaced and Boundless Energy defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Mr. Clough will

5

be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Boundless Energy.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Mr. Clough and the members of the putative class.

The prejudice to Plaintiff is not hypothetical. It is already occurring — and it stems directly from Defendant's repeated inability to meet basic discovery and deposition obligations while simultaneously signaling potential withdrawal and lack of cooperation.

Thus, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel, or at minimum, that withdrawal not become effective until Defendant satisfies its outstanding discovery obligations — including completion of depositions that were working to be scheduled.

## **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defense Counsel's Motion to Withdraw. Defense Counsel has failed to demonstrate good cause, has provided no meaningful explanation for its request, and seeks to withdraw at a critical stage of the litigation in a manner that would substantially prejudice Plaintiff and disrupt the orderly

administration of this case.

In the alternative, if the Court is inclined to permit withdrawal, Plaintiff respectfully requests that the Court condition any withdrawal on the entry of substitute counsel for Defendant and require Defendant, through an appropriate representative, to appear before the Court to explain its position and ensure continued participation in this action. Plaintiff further requests that any withdrawal not become effective until Defendant has satisfied its outstanding discovery obligations and the current case schedule is preserved.

Plaintiff requests such other and further relief as this Court deems just and appropriate.

Dated:  April 23, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*