**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>v.<br><br>BOUNDLESS ENERGY, INC.<br><br>Defendant. | Case No.: 1:25-cv-10621-GAO |

**JOINT STATUS REPORT**

Pursuant to the Court's Order entered on April 27, 2026, the parties submit this joint status report in advance of the continued status conference scheduled for May 12, 2026. The Court directed that the parties confer and submit a detailed joint status report and propose any additional scheduling deadlines as appropriate.

**Plaintiff's Position**

The parties have previously engaged in written discovery and document production. Plaintiff continues to identify outstanding deficiencies in Defendant's responses to written discovery, including interrogatories and requests for production. These deficiencies remain unresolved despite prior efforts to confer.

In addition, a deposition requested by the Plaintiff has not yet been completed. Plaintiff has made repeated efforts to schedule and confirm this deposition, including proposing dates and following up on multiple occasions. Despite these efforts, the deposition has not been scheduled or taken. Plaintiff maintains that completion of this deposition is necessary before discovery can be meaningfully concluded.

The parties' ability to complete discovery has been further complicated by Defendant's Motion to Withdraw as Counsel. Plaintiff has opposed that motion on the grounds that it is unsupported by

sufficient factual detail, is untimely in light of ongoing discovery and impending deadlines, and would cause substantial prejudice if granted without appropriate safeguards.

Plaintiff's position is that the Motion to Withdraw raises threshold issues that must be resolved before the Court can effectively manage the remainder of the case. Specifically, it remains unclear whether Defendant intends to continue participating in this litigation, whether it will retain substitute counsel, and whether it will comply with its outstanding discovery obligations.

In light of these circumstances, Plaintiff respectfully submits that additional structure is necessary to ensure the orderly progression of this case. In particular, Plaintiff requests that the Court require Defendant, through a corporate representative, to appear at the upcoming status conference. Requiring Defendant to appear through a corporate representative will ensure that Defendant is aware of its obligations, will clarify whether Defendant intends to retain substitute counsel, and will allow the Court to address any issues concerning Defendant's continued participation in this litigation. Without such a requirement, there is a substantial risk that Defendant may fail to participate while avoiding its discovery obligations, which would prejudice Plaintiff's ability to prosecute this action, particularly in light of the importance of Defendant's call records and related data in this TCPA case.

Indeed, recently another federal court in a TCPA case did exactly this in *Spoon v. NVA Financial Services, LLC*, Civil Action No. 26-cv-69, ECF No. 18 (E.D. Va. May 1, 2026):

> Upon consideration of the Motion, it is hereby ORDERED that the Motion to Continue is GRANTED; and it is further ORDERED that the hearing currently scheduled for May 1, 2026 on Defendants Motion to Withdraw as Counsel is rescheduled to May 5, 2026 at 10:00 a.m. in Courtroom 500; and it is further ORDERED that a corporate representative of Defendant NVA Financial Services, LLC shall appear at the hearing on May 5, 2026 at 10:00 a.m. Signed by Magistrate Judge William E. Fitzpatrick on 4/30/26.

Similar to this case, the defendant in *Spoon* began discovery and then, in an apparent strategic maneuver, decided to take a default prior to producing any class discovery. It appears that the Court intends to inquire of them

With respect to scheduling, Plaintiff submits that existing deadlines cannot be meaningfully enforced unless and until the Motion to Withdraw is resolved and Defendant's participation is clarified. Plaintiff's counsel asked for the Defendant's position on an appearance at the hearing by their representative and they took no position.

**Defendant's Position**

Defendants' counsel recognizes the inconvenience to Plaintiff and the Court and apologizes. However, the present circumstances are not strategic or malicious, as Plaintiff suggests. Rather, counsel and Defendant have reached a point at which professional considerations require counsel's withdrawal.

 Consistent with the Texas Disciplinary Rules of Professional Conduct and applicable ethics guidance, Defendants' counsel cannot further elaborate on the basis for withdrawal, but represents to the Court that counsel remains mindful of all ethical obligations to the client, the Court, and opposing counsel. *See* Tex. Comm. on Prof'l Ethics, Op. No. 669 (2018) (explaining that, in moving to withdraw, counsel must preserve client confidences and "should avoid disclosing … the specific reason for the withdrawal," instead providing only a general statement that professional considerations require withdrawal).

Dated: May 1, 2026

Attorneys for Plaintiff,
By Counsel

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Counsel for Defendant(s)

*/s/ Michael A. Harvey*
Michael A. Harvey
(Admitted Pro Hac)
State Bar No. 24058352
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
mharvey@munsch.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to

the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Anthony I. Paronich*
Anthony I. Paronich