**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　*Plaintiff*,<br>v.<br><br>BOUNDLESS ENERGY, INC.<br><br>　　　　　*Defendant*. | Case No.: 1:25-cv-10621-GAO |

**DEFENSE COUNSEL'S REPORT REGARDING EFFORTS TO SECURE SUBSTITUTE COUNSEL ON BEHALF OF DEFENDANT BOUNDLESS ENERGY, INC. AND REQUEST FOR RECONSIDERATION OF MOTION TO WITHDRAW**

Michael A. Harvey, Earl L. Ingle, and the firm Munsch Hardt Kopf & Harr, P.C. (collectively, "Munsch Hardt" or "Defense Counsel"), counsel of record for Defendant Boundless Energy, Inc. ("Defendant"), respectfully submit this Report in compliance with the Court's Electronic Order dated May 13, 2026 (the "Order"), which directed Defense Counsel to confer with Defendant and submit a report as to Defendant's efforts to secure successor counsel. Defense Counsel further requests that the court reconsider its prior decision on Munsch Hardt's Motion to Withdraw.

**I.　　BACKGROUND**

On April 22, 2026, Defense Counsel filed a Motion to Withdraw as Counsel for Defendant in the above-captioned action, citing professional considerations necessitating withdrawal. In the Order, the Court denied the Motion to Withdraw, noting that a corporation may not appear pro se pursuant to Local Rule 83.5.5(c), and that Defense Counsel had reported having no information as

1

4905-9882-6928v.2

to successor counsel.  The Court directed that, within fourteen (14) days, Defense Counsel confer with Defendant and submit a report regarding Defendant's efforts to secure successor counsel.

## II.    DEFENDANT'S EFFORTS TO SECURE SUCCESSOR COUNSEL

In compliance with the Court's Order, Defense Counsel has attempted to confer with Defendant regarding Defendant's plans to retain successor counsel. Based on the information available to Defense Counsel (or, more appropriately, lack thereof), Defendant has not yet retained substitute counsel in this matter. Defense Counsel is not presently aware of any specific steps Defendant has taken to engage successor counsel to enter an appearance in this action.

## III.    PROFESSIONAL CONSIDERATIONS AND LIMITATIONS ON DISCLOSURE

Defense Counsel respectfully notes that, consistent with its obligations under the applicable Rules of Professional Conduct, including Massachusetts Rule of Professional Conduct 1.6 and the guidance set forth in ABA Model Rule 1.16, Comment [3], this Report is necessarily limited to information that Defense Counsel may ethically disclose.  A lawyer's statement that professional considerations require termination of a representation "ordinarily should be accepted as sufficient." ABA Model Rule 1.16, cmt. [3]; *see also* Mass. R. Prof. C. 1.16, cmt. [3]. Counsel's duty of confidentiality constrains the degree of detail that may be provided regarding the circumstances of this matter.

In this regard, Defense Counsel respectfully directs the Court's attention to the Professional Ethics Committee for the State Bar of Texas, Opinion No. 669 (March 2018), a copy of which is attached hereto as **Exhibit A**.  That opinion addresses the ethical obligations of a lawyer who seeks to withdraw from representing a client and concludes that, "[i]n connection with moving to withdraw from the suit, the lawyer should avoid disclosing… to the court… the specific reason for the withdrawal. The lawyer instead should provide only a general explanation that professional

considerations require withdrawal, although there are circumstances in which a court may require that additional information be provided to the court." Tex. Prof'l Ethics Comm., Op. No. 669, at 3–4 (Mar. 2018). The opinion further holds that information regarding the circumstances underlying a lawyer's decision to seek withdrawal constitutes confidential information that the lawyer is ethically prohibited from disclosing absent client consent, even when reporting to the court. *Id.*

Although Texas Ethics Opinion 669 is not binding on this Court, it is consistent with and supported by ABA Formal Opinion 476 (2016), which is cited therein, as well as ABA Formal Opinion 519 (2025), which reaffirmed that "[u]nless an explicit exception to the duty of confidentiality applies or the client provides informed consent, the lawyer may not reveal 'information relating to the representation' in support of a withdrawal motion." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 519 (2025). These principles are equally reflected in Massachusetts Rule of Professional Conduct 1.6, which broadly protects confidential information gained during or relating to the representation.

Defense Counsel submits this Report and the attached opinion so that the Court may have the benefit of the applicable ethical framework in evaluating the circumstances of this matter. To the extent the Court requires additional information beyond what is set forth herein, Defense Counsel respectfully requests the opportunity to provide such information *in camera* and under seal.  Providing the information in such manner would protect the information as contemplated by the aforementioned rules of ethics and provide the court with a clear basis for granting the instant motion.

4905-9882-6928v.2

## IV.    REQUEST FOR RELIEF

In light of the foregoing, Defense Counsel respectfully requests the following relief:

First, Defense Counsel respectfully renews its request that the Court grant Munsch Hardt's Motion to Withdraw as Counsel for Defendant. The professional considerations that necessitated the filing of the original Motion to Withdraw remain extant. Should the Court determine that the information set forth in this Report and the attached **Exhibit A** are insufficient to support the renewed request for withdrawal, Defense Counsel respectfully requests the opportunity to present additional information to the Court *in camera* and *ex parte*, or under seal, consistent with the stepped approach endorsed by ABA Formal Opinions 476 and 519, so as to minimize any disclosure of confidential information while providing the Court with a sufficient basis to rule on the motion.

Second, to the extent the Court is not inclined to grant immediate withdrawal, Defense Counsel requests that the Court set a date certain by which Defendant must retain successor counsel and cause such counsel to enter an appearance in this action, with the understanding that Defense Counsel's withdrawal will be granted automatically upon the entry of appearance of successor counsel, or upon Defendant's failure to comply with such deadline.

Third, Defense Counsel requests that the Court issue an order directed to Defendant advising that Defendant's corporate status requires representation by licensed counsel at all stages of this proceeding pursuant to Local Rule 83.5.5(c), and that failure to timely retain substitute counsel may result in adverse consequences, including the potential imposition of sanctions or entry of default.

4905-9882-6928v.2

Fourth, Defense Counsel requests that all pending deadlines in this matter, including any remaining discovery obligations, be stayed or extended pending resolution of the representation issue, so as to avoid prejudice to all parties and to promote the orderly administration of justice.

## V.    CONCLUSION

Defense Counsel has complied with the Court's Order to confer with Defendant and report on Defendant's efforts to secure successor counsel. Based on the information available to Defense Counsel, Defendant has not yet retained substitute counsel. The professional considerations that necessitate Defense Counsel's withdrawal remain in effect, and Defense Counsel respectfully submits that the circumstances warrant the relief requested herein.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Michael A. Harvey*
Michael A. Harvey
(Admitted Pro Hac)
State Bar No. 24058352
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
mharvey@munsch.com

**ATTORNEY FOR DEFENDANT**

**OF COUNSEL**
Earl L. Ingle
(Admitted Pro Hac)
State Bar No. 24097234
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
eingle@munsch.com

5

4905-9882-6928v.2

## CERTIFICATE OF SERVICE

I certify that on the 27th day of May 2026, a true and correct copy of the foregoing instrument was served upon all counsel of record, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, by electronic e-service and/or email.

/s/ Michael A. Harvey

Michael A. Harvey

4905-9882-6928v.2