# EXHIBIT A

**THE PROFESSIONAL ETHICS COMMITTEE**
**FOR THE STATE BAR OF TEXAS**
**Opinion No. 669**

**March 2018**

**QUESTION PRESENTED**

Under the Texas Disciplinary Rules of Professional Conduct, may a lawyer retained by an insurance company notify the insurance company that the insured client he was assigned to represent is not cooperating in the defense of the client's lawsuit?

**STATEMENT OF FACTS**

Plaintiff sued Defendant in state court for personal injury damages arising out of an automobile accident. Defendant's insurance company ("Company") assigned Defendant's case to a Texas lawyer ("Lawyer"). Lawyer met with Defendant, explained that Company retained him to represent Defendant, explained Defendant's responsibilities in defending the lawsuit, notified Defendant he would be keeping the Company apprised of the status of the lawsuit, and obtained Defendant's informed consent to the representation.

Defendant initially cooperated in defending the lawsuit. Later, however, Defendant stopped communicating with Lawyer. Lawyer tried contacting Defendant by various methods. Lawyer eventually hired an investigator, who spoke with Defendant and asked him to contact Lawyer. Defendant did not do so.

Lawyer is concerned about Defendant's failure to communicate with him, which makes the lawsuit difficult (if not impossible) to defend and may result in the imposition of sanctions for Defendant's failure to comply with outstanding discovery requests. Lawyer also realizes that Defendant's failure to communicate may violate the cooperation provision of Defendant's insurance policy and thus result in Company's withdrawing coverage.

Lawyer's investigator delivered a letter to Defendant, informing Defendant that if he did not contact Lawyer, Lawyer would file a motion to withdraw. Lawyer received no response from Defendant. Lawyer therefore plans to withdraw under Rule 10 of the Texas Rules of Civil Procedure. Lawyer is concerned about what he may disclose to Company regarding his reasons for withdrawing.

**DISCUSSION**

When a lawyer represents an insured at the request of an insurance company, the attorney and the insured have an attorney-client relationship, and the Texas Disciplinary

1

Rules of Professional Conduct govern the attorney's conduct.    Professional Ethics Committee Opinion 668 (Nov. 2017).

Rule 1.15 of the Rules discusses mandatory and permissive withdrawal from representing a client.  Rule 1.15(b) states that permissive withdrawal is not prohibited in a number of circumstances, including these:

> "(5)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services . . . and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6)    the representation . . . has been rendered unreasonably difficult by the client; or
>
> (7)    other good cause for withdrawal exists."

Rule 1.15(b)(5)-(7).

Here, Defendant has repeatedly failed to "fulfill an obligation to the lawyer" by ignoring his obligation to communicate with and assist Lawyer in responding to discovery, despite receiving a reasonable warning that Lawyer would withdraw unless the obligation were fulfilled.  Rule 1.15(b)(5). Defendant's failure to communicate has also rendered the representation unreasonably difficult.  Rule 1.15(b)(6).  Lawyer therefore has grounds to withdraw from representing Defendant. *See In re Daniels*, 138 S.W.3d 31, 35 (Tex. App.— San Antonio 2004, orig. proceeding) (ordering the trial court to grant the motion to withdraw).  When Lawyer files the motion to withdraw, he must comply with all applicable law, including Rule 10 of the Texas Rules of Civil Procedure.

Although Lawyer plans to file a motion to withdraw from representing Defendant, Lawyer must continue to preserve Defendant's "confidential information," which includes both "privileged information" and "unprivileged client information."    Rule 1.05(a). "Unprivileged client information" is "all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client." *Id.*   At a minimum, Defendant's failure to communicate with Lawyer is unprivileged client information.

Rule 1.05(b)(1) and (2) provide that a lawyer shall not knowingly reveal a client's confidential information to third persons the client has not instructed to receive the information and shall not use a client's confidential information to the disadvantage of the client unless the client consents after consultation.    Because Defendant is not communicating with Lawyer, Lawyer cannot obtain instructions or consent from Defendant.

Rule 1.05 paragraphs (c) to (e) list exceptions to the general rule that a lawyer may not disclose confidential client information to third parties or use it to the disadvantage of the client, but those exceptions are not applicable here.  For example, Rule 1.05(d)(1) and 1.05(d)(2)(i) permit disclosing unprivileged client information in order to carry out the

2

representation. The disclosure here, however, would not be for the purpose of carrying out the representation. Thus, Lawyer may not disclose Defendant's confidential information, including Defendant's lack of cooperation, to Company, regardless of whether such disclosure may lead to Company's withdrawing coverage. Moreover, of course, Lawyer may not use Defendant's lack of cooperation to Defendant's disadvantage.

Furthermore, Lawyer may not reveal Defendant's failure to communicate in order to explain to Company the reason for Lawyer's withdrawal from the representation. With respect to the reasons for withdrawal, a statement to the court and to Company "that professional considerations require termination of the representation ordinarily should be accepted as sufficient." Rule 1.15 cmt 3. *See also* ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 476 (2016) (discussing confidentiality issues when moving to withdraw for nonpayment of fees in civil litigation). Although the Rules prohibit disclosing confidential information, the Rules do not prevent Lawyer from giving notice of the fact of withdrawal. Rule 1.05 cmt 21 ("Neither this Rule nor Rule 1.15 prevents the lawyer from giving notice of the fact of withdrawal . . . .").

## CONCLUSION

Under the Texas Disciplinary Rules of Professional Conduct, if an insured fails to communicate with a lawyer who is retained to defend the insured, then the lawyer may withdraw from the representation. In that event, the lawyer must protect the insured's confidential information and may not, in the absence of the insured's consent, disclose to the insurance company the reason for the withdrawal. In connection with moving to withdraw from the suit, the lawyer should avoid disclosing, either to the court or to the insurance company, the specific reason for the withdrawal. The lawyer instead should provide only a general explanation that professional considerations require withdrawal, although there are circumstances in which a court may require that additional information be provided to the court.

3