**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated,<br><br>            Plaintiff,<br>v.<br><br>BOUNDLESS ENERGY, INC.<br><br>            Defendant. | Case No.: 1:25-cv-10621-GAO |

**PLAINTIFF'S RESPONSE TO DEFENSE COUNSEL'S**
**REPORT REGARDING SUBSTITUTE COUNSEL**
**AND REQUEST FOR RECONSIDERATION OF MOTION TO WITHDRAW**

Plaintiff Robert Clough, II ("Plaintiff") respectfully submits this response to Defense Counsel's "Report Regarding Efforts to Secure Substitute Counsel on Behalf of Defendant Boundless Energy, Inc. and Request for Reconsideration of Motion to Withdraw" (ECF No. 30).

Plaintiff does not dispute that counsel may, under appropriate circumstances, withdraw from representation while preserving client confidences. Nor does Plaintiff seek disclosure of privileged or confidential communications. However, the Report confirms the central concern raised in Plaintiff's prior opposition: Defendant Boundless Energy, Inc. ("Boundless Energy") has apparently ceased participating in this litigation while simultaneously failing to retain substitute counsel or comply with outstanding discovery obligations.

Defense Counsel now represents that: (1) Defendant has not retained substitute counsel; (2) counsel is unaware of any meaningful steps Defendant has taken to do so; and (3) the professional considerations underlying the motion to withdraw remain ongoing. These representations materially reinforce Plaintiff's prior concerns regarding prejudice, delay, and Defendant's apparent abandonment of its litigation obligations.

Importantly, Plaintiff does not object to withdrawal itself if Defendant promptly secures replacement counsel and continues participating in discovery. The problem is not withdrawal in the abstract. The problem is the practical effect of permitting withdrawal where: (a) a corporate defendant cannot proceed pro se; (b) no substitute counsel has appeared; (c) critical discovery remains outstanding; and (d) Defendant's participation in the litigation is now uncertain.

Defense Counsel's reliance on ethics opinions does not alter these concerns. Plaintiff agrees that counsel may appropriately avoid disclosing confidential client information and that generalized references to "professional considerations" may suffice to protect confidentiality interests. But those ethical limitations do not require the Court to permit withdrawal under circumstances that would substantially prejudice the opposing party or impair the orderly administration of the case.

Indeed, the Court's prior Order already recognized the significance of the issue by directing counsel to confer with Defendant and report regarding substitute counsel. The resulting Report confirms that no substitute counsel exists and that Defendant's intentions remain unclear. That uncertainty is precisely why safeguards remain necessary.

The prejudice to Plaintiff is substantial and ongoing. Discovery deficiencies remain unresolved, including deficiencies in written discovery responses and the failure to complete a deposition previously sought by Plaintiff. The outstanding discovery concerns call records, dialing information, and related evidence central to Plaintiff's TCPA claims and class-certification issues. If Defendant effectively abandons the litigation while withholding that information, Plaintiff and the putative class will suffer concrete prejudice.

Plaintiff is also concerned that permitting withdrawal without conditions may incentivize strategic nonparticipation. Defendant has already delayed discovery and failed to finalize deposition scheduling. Withdrawal without replacement counsel would create a substantial risk

that Defendant simply ceases participation while avoiding production of the very evidence necessary for Plaintiff to pursue class certification and merits discovery.

Accordingly, if the Court is inclined to reconsider withdrawal, Plaintiff respectfully requests that any withdrawal be conditioned upon appropriate safeguards, including:

1. Requiring Defendant to retain substitute counsel and cause counsel to enter an appearance by a date certain;

2. Requiring a corporate representative of Defendant to personally appear before the Court at the next status conference or hearing regarding counsel's withdrawal and Defendant's continued participation in this litigation;

3. Advising Defendant that, as a corporate entity, it may not proceed pro se and that failure to obtain substitute counsel may result in sanctions, including default;

4. Requiring Defendant to preserve and maintain all call records, dialing data, account records, vendor information, and other electronically stored information relevant to Plaintiff's claims and class allegations;

5. Extending or staying deadlines only to the extent necessary to resolve the representation issue, while preserving Plaintiff's right to complete discovery once substitute counsel appears; and

6. Ordering that withdrawal not become effective unless and until substitute counsel appears or Defendant fails to comply with a Court-ordered deadline after explicit warning of the consequences.

Plaintiff further respectfully submits that, if the Court believes additional information regarding withdrawal is necessary, the Court may address such matters through in camera review or sealed submission, as suggested by Defense Counsel, without relieving Defendant of its obligation to remain represented and comply with discovery.

For these reasons, Plaintiff respectfully requests that the Court deny reconsideration of the Motion to Withdraw absent the safeguards described above, or alternatively impose strict conditions ensuring Defendant's continued participation in this litigation and preservation of relevant discovery.

Dated: May 28, 2026

Attorneys for Plaintiff,
By Counsel

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Counsel for Defendant(s)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Anthony I. Paronich
Anthony I. Paronich