**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>BOUNDLESS ENERGY, INC.<br><br>       Defendant. | Case No.: 1:25-cv-10621-GAO |

**PLAINTIFF'S STATUS REPORT AND REQUEST FOR APPROPRIATE RELIEF**

Plaintiff submits this status report pursuant to the Court's July 22, 2026 Electronic Order (ECF No. 38).

In that Order, the Court permitted Defendant Boundless Energy, Inc.'s counsel to withdraw and afforded Boundless an additional three weeks—through August 12, 2026—to secure successor counsel or move for an extension of that deadline. The Court further directed Plaintiff, in the event no successor counsel appeared and no extension was sought, to advise the Court how Plaintiff intended to proceed.

As of the filing of this Status Report, no successor counsel has entered an appearance for Boundless, and no motion for an extension has been filed. Boundless therefore remains an unrepresented corporate defendant despite having been expressly advised that a corporation may not proceed *pro se* and despite having been afforded additional time by the Court to retain counsel.

Plaintiff respectfully submits that this continued failure to appear through counsel should not operate to Boundless's benefit or permit Boundless effectively to avoid the obligations of this litigation. This is particularly prejudicial given the procedural posture of the case. Discovery has been bifurcated, and Plaintiff has been required to proceed within that framework while

Boundless's lack of participation and lack of counsel has impeded Plaintiff's ability to obtain the discovery necessary to advance the case. Boundless should not be permitted to obtain the benefit of bifurcated discovery while simultaneously avoiding the corresponding obligation to appear, participate, and defend the action.

Under these circumstances, Plaintiff respectfully submits that dismissal is the appropriate course. Defendant has been afforded repeated notice and an additional opportunity to secure counsel, yet has failed to do so. At the same time, the bifurcation of discovery has prevented Plaintiff from proceeding through discovery in the ordinary course and developing the record necessary to advance his claims. The practical result is that Plaintiff is being required to maintain an action in which Defendant is no longer appearing or participating, while the existing discovery structure prevents Plaintiff from meaningfully moving the case forward.

Plaintiff should not be required to continue expending time and resources litigating against a corporate defendant that has declined to appear through counsel and whose nonparticipation has frustrated the orderly progression of the case. Nor should Defendant be permitted effectively to avoid responsibility for defending this action by failing to retain counsel after being expressly ordered and afforded additional time to do so.

Accordingly, rather than permit this action to remain indefinitely in its present posture, Plaintiff respectfully requests that the Court dismiss this action without prejudice, with each party to bear its own fees and costs, and without any adjudication on the merits. Plaintiff further requests such other and further relief as the Court deems just and appropriate.

Dated: August 13, 2026

Attorneys for Plaintiff,
By Counsel

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Counsel for Defendant(s)

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Anthony I. Paronich
Anthony I. Paronich